THE FLUSHING.

THE NIAGARA.

COLLINS *v.* THE FLUSHING and another.

*(Circuit Court, S. D. New York.   July 19, 1887.)*

COLLISION—LIGHTS AND SIGNALS—COSTS.

The canal-boat C., while in tow of the tug N. on a short hawser, was injured by a collision with the ferry-boat F., off Eighth street, New York, at near 6 o'clock P. M.   The N. with her tow was decending the East river, which was quite full of ice, extending from the Brooklyn shore beyond the middle of the river, on an ebb-tide   Her course lay as far off the New York shore as was convenient, having regard to the ice.   Between Eighth and Ninth streets the tug and tow met a flotilla of two tugs and two car-flats, bound up the river.   The N. had the regulation lights set and burning, and pursuant to signal, the tug and tow and flotilla passed starboard to starboard.   As they passed, the N. was at least 400 feet off the Ninth-street pier.   The ferry-boat F., starting from the slip at Seventh street, had stopped to allow the flotilla to pass, and now exchanged signals with the N. to pass on her course across the bow of the F.   The F.'s pilot did not see the N.'s lights indicating she had a tow, and, as soon as the flotilla passed, the F. started ahead, and collided with the canal-boat C.   *Held,* the collision was caused solely by the fault of the F.   *Held, also,* as the circumstances probably justified the libelant in joining the N. as a co-respondent with the F., that he was entitled to the costs of the district court against the F., and the N. was entitled to the costs of the circuit court against the F.

*Josiah Hyland,* for the Niagara.
*Nathan Bijur,* for appellee.

WALLACE, J.   The· libelant's canal-boat Curtis, while in tow of the steam-tug Niagara, was injured by a collision with the steam ferry-boat

Flushing on the third day of February, 1885, about 6 o'clock in the afternoon. This libel is filed against both the tug and the ferry-boat to recover the damages sustained by such collision. The district court dismissed the libel as against the Flushing, and condemned the Niagara for the whole damage. The Niagara and the libelant have appealed.

The proofs establish the following facts: On the day in question the Niagara left Sixty-third street, East river, New York city, with the Curtis in tow, bound for Jersey City. The tide was ebb, and running about four miles an hour. The East river was quite full of ice, extending from the Brooklyn shore beyond the middle of the river, but the New York shore was comparatively free. The tug attached the canalboat to her stern by a short hawser, so that the bow of the canal-boat was within about seven feet of the stern of the tug. The tug proceeded down the river, keeping as well off from the New York shore as she conveniently could, to avoid the ice, and arrived off about Sixteenth street when she saw a flotilla consisting of two steam-tugs and two car-flats, lashed side by side, coming up the East river off the pier near the foot of Sixth street. At that time the tug had all her regulation lights set and burning. Her pilot gave a signal of two blasts of the whistle to the flotilla coming up the river, which was answered by two blasts of the whistle on the part of the flotilla; by which the vessels indicated that they would pass each other starboard to starboard. The tug met the flotilla at a point between the piers at the foot of Eighth and Ninth streets; the port side of the flotilla being something over 100 feet off the end of the Ninth-street pier, and the tug Niagara being about 200 feet off the starboard side of the flotilla. The flotilla was about 100 feet wide, and, when the tug passed, the latter was at least 400 feet away from the end of the Ninth-street pier. Just as the tug met the flotilla to pass it, the ferry-boat Flushing, which had started from her pier at the foot of Seventh street, and had stopped waiting for the flotilla to pass across her bow, gave a signal to the Niagara of two blasts of the whistle, which was immediately answered by two blasts of the whistle of the Niagara; the vessels thereby agreeing that the Niagara should proceed on her course, and across the bow of the Flushing. Thereupon the Niagara put her wheel gradually to starboard. The pilot of the Flushing did not see the lights of the Niagara indicating that she had a boat in tow, and, as soon as the flotilla had passed the bow of the Flushing, started ahead, intending to pass under the stern of the Niagara. The flotilla had obstructed his observation of the canal-boat; and assuming that there was no boat in tow of the Niagara, and probably being somewhat impatient at the delay caused his boat by the flotilla, he proceeded ahead under the stern of the flotilla until he discovered the canal-boat. He then reversed his engine, but it was too late to avoid collision, and the Flushing struck the canal-boat with violence on the starboard side a little aft of midships; the bow of the Flushing breaking in 23 timbers of the canal-boat.

The theory on the part of the Flushing is that, while she was waiting for the flotilla going up the river to pass across her bow, her bow was projecting a slight distance out of the mouth of the slip, and she contin-

ued lying in this position until the Niagara brought her tow into collision with the bow of the Flushing; that the Niagara had no lights set; that the canal-boat was towed with a long hawser of more than 100 feet; and that the Niagara, instead of keeping down the river at a safe distance after exchanging signals with the Flushing, continued to draw nearer to the New York shore as she approached, but, before reaching the ferry-boat, starboarded her wheel, and by this movement swung the canal-boat in and upon the ferry-boat.

The district judge found, what the proofs clearly show, that the tug had her lights properly set and burning; but he was of the opinion that the collision took place at the end of the Seventh-street pier, substantially according to the theory of the Flushing, and he therefore held the tug in fault, and exonerated the Flushing.

It is established beyond controversy that the tow was on a hawser which brought her bow within about seven feet of the tug's stern; and it is established by disinterested witnesses of intelligence, who had excellent opportunities for observation,—among them, the two pilots of the steam-tugs of the flotilla,—that when the Niagara passed the flotilla off the end of the Ninth-street pier she was 400 feet away from the end of that pier. That pier extends out into the river 84 feet further than the Seventh-street pier, and the two piers are 440 feet distant from each other. It is incredible that the Niagara, after exchanging signals with the Flushing, should have taken a course that would bring her tow nearly 500 feet to the starboard in going down the river a distance of 440 feet. Especially is this so in view of the fact that the piers below Seventh street extend further into the river than the Seventh-street pier, and the Niagara would thus be running against the pier at the foot of Fifth street. If the collision took place at a point between the Eighth and Ninth street piers, about 600 feet away from the end of the Eighth-street pier, it can be accounted for upon a rational and probable theory. It is highly improbable that if the collision had occurred in the manner claimed on the part of the Flushing, such violent injuries would have been inflicted upon the canal-boat.

Although the witnesses for the Flushing outnumber those for the Niagara, those of them who are not employes of the claimant are persons whose testimony carries very little conviction.

The Niagara was without fault which contributed to the collision. Although her course was nearer to the New York shore than would ordinarily be permissible, the condition of the ice in the river was a sufficient justification.

The decree of the district court is reversed, and a decree ordered dismissing the libel as against the Niagara, and condemning the Flushing for the libelant's damages. The circumstances of the cause probably justified the libelant in joining the Niagara as a co-respondent with the Flushing. The libelant is entitled to costs of the district court against the Flushing, and the Niagara is entitled to the costs of this court against the Flushing. *The Dentz*, 29 Fed. Rep. 525.